BUNT PETTY V. THE STATE.

No. 22935. Delivered November 22, 1944.

The opinion states the case.

*M. E. Blackburn,* of Junction, and *Morriss & Morriss,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted as an accomplice to the theft of mohair and sentenced to three years in the penitentiary.

The principals in the offense named in the indictment were Lennis and Lee Luxton. The former was found to be a person of unsound mind and was not permitted to testify. Lee Luxton was the chief witness for the State and the court properly instructed the jury that they could not find Petty guilty on his evidence alone. The first contention in the appeal is that the evidence was not sufficiently corroborated to support the jury's verdict. It is our conclusion that this contention must be sustained and it will not be necessary to discuss the other questions raised by the appeal in as much as they would probably not occur upon another trial.

Lee Luxton related in detail appellant's connection with the theft of the mohair. Petty suggested the theft, giving Luxton the location of the property and described with accuracy the doors in the barn where it was stored so that they could reach the mohair in the dark and load it on a truck.

After the theft had been agreed upon the witness testified that he and Petty went to Uvalde and he names a number of persons whom he contacted in an effort to find a purchaser for the mohair. There he met his cousin, Lennis Luxton, who had recently been discharged from an insane asylum, and induced him to return with them to Junction and assist in the theft. During the night the Luxtons used appellant's truck, took the property and drove to Hondo where it was sold the next day. Returning in the evening the witness found Petty in a cafe in Junction, talking with a party whose name was given, and, after a brief conversation there, they went to a private residence to divide the money, appellant receiving sixty-five dollars as his part. Details of all of these transactions were given by Lee Luxton and it was incumbent upon the State to produce corroborating testimony sufficient to connect appellant with the theft of the property in accordance with the charge lodged in the indictment.

The purchaser of the mohair, testifying for the State, said that Petty was not present and took no part in the sale. In an effort to discharge its burden the State showed that appellant was in company with Lee Luxton in Uvalde at the time related by the witness but no person testified who connected appellant in any way with the efforts of Luxton to sell the mohair. Appellant and the two Luxtons were seen together returning to Junction but this was not near the scene of the theft. A few days prior to the theft of the property appellant was in the barn where the mohair was stored, aiding in the loading of some goats. It was noted that he at that time looked at the mohair. He was in the commission business and was naturally interested in such products that were for sale. Also at some time prior to the theft, and apparently prior to his visit on the Lewis ranch from which the mohair was stolen, he and the witness Luxton approached another party about the use of a pick-up truck in a deal which appellant said would make some money. This "deal" is not identified with the theft of the mohair involved. The appellant was seen in converation with the witness at about the time the witness said the money was divided. Further than this there is no evidence in the case to connect appellant with the transaction.

He testified in his own behalf and explained the occasion of his visit to Uvalde in a reasonable manner and his evidence as to his business there was corroborated. He accounted for the money found on his person at the time of his arrest and there is no indication other than the evidence of the accomplice witness that he received any of the money from the sale of the stolen goods. This evidence falls far short of supporting the case in accordance with the court's charge and the instructed verdict of acquittal should have been given as requested.

The judgment of the trial court is reversed and the cause is remanded.